# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RIO RANCHO PUBLIC SCHOOLS
BOARD OF EDUCATION,

    Petitioner,

v.                                                    1:18-cv-0906 WJ/LF

NEW MEXICO PUBLIC EDUCATION DEPARTMENT,

    Respondent.

## MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION TO REMAND

THIS MATTER comes before the Court upon Petitioner's Motion to Remand, filed October 11, 2018 (**Doc. 13**). Having reviewed the relevant pleadings and the applicable law, the Court finds that Petitioner's motion is well taken, and therefore, the Motion to Remand is **GRANTED**, and this action is **REMANDED** to the First Judicial District Court, County of Santa Fe, New Mexico.

## BACKGROUND

Petitioner, Rio Rancho Public Schools Board of Education, appeals the New Mexico Public Education Department's ("Respondent's") decision mandating that Petitioner divert 15% of its federal special education money into early intervening services. Respondent concluded that the percentage of African Americans in special education services was "Significantly Disproportionate" to students from other races, apparently pursuant to 20 U.S.C. § 1418(d) and 34 CFR § 300.646.

Petitioner filed this appeal of Respondent's administrative decision in the First Judicial District Court, County of Santa Fe, New Mexico, on September 20, 2018. In the Notice of Appeal,

Petitioner wrote: "The Board of Education of Rio Rancho Independent Schools, pursuant to Rule 1-074 NMRA and Sections 22-2-14(I), 39-3-1.1 NMSA, hereby gives notice of its appeal of the New Mexico Public Education Department's Decision, initially issued on June 29, 2018, regarding Significant Disproportionality… and finalized on September 18, 2018." The Notice of Appeal attached Respondent's final decision, which provided that its "determination of Significant Disproportionality… was issued in accordance with federal law." **Doc. 1, Ex. 2.**

In the Motion for Stay filed contemporaneously with the Notice of Appeal, Petitioner sought a stay or injunction of Respondent's decision requiring it to transfer 15% of the special education budget to early intervention programs.

Respondent removed this case to this Court on September 26, 2018. In the Notice of Removal, Respondent asserted that this action arose under the laws of the United States, and the Court has originally jurisdiction pursuant to 28 § U.S.C. 1331 "as this action arises under 20 U.S.C. § 1418(d), 34 C.F.R. §§ 300.645 and 300.647."

Petitioner now moves this Court to remand this appeal to the First Judicial District, arguing the case does not present a federal question (**Doc. 13**). Respondent filed a Response on October 25, 2016 (**Doc. 14**). Petitioner filed its reply on November 8, 2018 **(Doc. 15)** and is now fully briefed.

## DISCUSSION

Both parties agree that Petitioner does not assert a federal cause of action on the face of the Notice of Appeal. Rather, Petitioner filed this appeal in state court pursuant to NMSA §§ 22-2-14(I) and 39-3-1.1(D), challenging an administrative decision by the New Mexico Public Education Department. Petitioner asserts that Respondent's administrative decision was not supported by substantial evidence and was otherwise arbitrary and capricious.

2

Petitioner argues that this appeal raises no substantial federal question. Because the issue appears primarily to be fact based, and the manner in reaching the significant disproportionality determination is left to the discretion of the Respondent, the Court concludes that there is no substantial federal question.

**I.     New Mexico Law.**

This matter is before the Court pursuant to NMSA §§ 22-2-14 and 39-3-1.1. NMSA § 22-2-14 provides that money budgeted by a school district "shall be spent first to attain and maintain the requirements for a school district as prescribed by law and by standards and rules as prescribed by the department." N.M. Stat. Ann. § 22-2-14(A). "The department shall give written notification to a local school board, local superintendent and school principal, as applicable, of any failure to meet requirements by any part of the school district under the control of the local school board." *Id.* A local school board may appeal a decision of the Department to the state district court pursuant to NMSA § 39-3-1.1. *See* NMSA § 22-2-14(I). NMSA § 39-3-1.1 allows for state judicial review of state administrative decisions and provides:

> D. In a proceeding for judicial review of a final decision by an agency, the district court may set aside, reverse or remand the final decision if it determines that:
> (1) the agency acted fraudulently, arbitrarily or capriciously;
> (2) the final decision was not supported by substantial evidence; or
> (3) the agency did not act in accordance with law.

NMSA § 39-3-1.1.

**II.    The Individuals with Disabilities Education Act ("IDEA").**

The Federal Government grants certain funds to states for use in special education. 20 U.S.C. § 1411. Subsequently, the states then distribute such funds to local education agencies. Moreover, the IDEA directs the Secretary of the Interior to, *inter alia,* monitor each state's implementation of the IDEA, enforce the IDEA, and require each state to enforce the IDEA and monitor its implementation by local educational agencies. 20 U.S.C. § 1416(a)(1).

In relevant part, the IDEA requires states and the Secretary to collect data and determine if the identification of children with disabilities is significantly disproportionate as to race. § 1418(d)(1). If a determination of significant disproportionality is made, the state or Secretary shall review or revise the policies, procedures or practices regarding the identification of such children, or require a local education agency to reserve the maximum amount of funds (15%) to provide for comprehensive early intervening services to serve such overidentified children. § 1418(d)(2).

Here, the Respondent determined that Petitioner's identification of African-American students with intellectual disabilities was significantly disproportionate. It therefore required Petitioner to reserve funds, i.e., move funds, from providing services for students with disability to a fund for early intervening services.

The IDEA provides causes of action to individuals affected by certain state or local education agency decisions, challenging, for example, whether they received due process or procedural protections under § 1415. Section 1415 specifically provides that the federal district courts have jurisdiction to hear actions brought by individuals under that section. § 1415(i)(2),(3). The IDEA also provides a cause of action to the states, to file an action challenging adverse actions regarding funding, in the relevant United States Court of Appeal. § 1416(e)(8). Finally, the IDEA provides opportunities for hearings before the federal agency. 20 U.S.C.A. § 1416(d)(2)(B), (e)(4). There appears to be no specific cause of action for a local educational agency under § 1418.

The regulations also appear to leave it up to the states to develop a methodology and criteria for finding a "significant disproportionality." *See* Assistance to States for the Education of Children With Disabilities; Preschool Grants for Children With Disabilities, 83 FR 31306-01 (ee) ("states may use the methodology they had in place before the Department adopted the 2016 significant disproportionality regulations, the standard methodology in the 2016 significant

disproportionality regulations, or any other methodology for collecting and examining data that the State, in its discretion, deems appropriate."); *see also* 34 CFR 300.647 (regulation leaves it up to the states to determine whether a given situation is a significant disproportionality).

### III. General Remand Law.

A district court must remand a case to state court whenever the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Absent diversity of citizenship, a district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted).

Where no federal cause of action is pled, "[t]he presence of a federal issue in a case is not sufficient to confer federal question jurisdiction; rather, the federal issue must be one that is actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 1235–36 (internal quotation marks omitted).

"The well-pleaded complaint rule also means that federal-question jurisdiction may not be predicated on a defense that raises federal issues." *Nicodemus*, 440 F.3d at 1232. "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which

5

the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S. Ct. 2425, 2433, 96 L. Ed. 2d 318 (1987) (emphasis in original).

The presumption is against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate the appropriateness of removal. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). "All doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

### IV.     **There is no Substantial Question of Federal Law.**

The "substantial question" branch of federal question jurisdiction is exceedingly narrow—a "special and small category" of cases. *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). The Supreme Court has "stressed that the 'mere need to apply federal law in a state-law claim' will not 'suffice to open the arising under door.'" *Id.* (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). "Instead, 'federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id.* (quoting *Grable*, 545 U.S. at 313.

"To invoke this so-called "substantial question" branch of federal question jurisdiction, a plaintiff must show that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947 (10th Cir. 2014), *citing Gunn,* 133 S.Ct. at 1065.

6

"[I]f a claim does not present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous ... cases,' but rather is "fact-bound and situation-specific," then federal question jurisdiction will generally be inappropriate. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947–48 (10th Cir. 2014), *quoting in part Empire Healthchoice Assurance, Inc.,* 547 U.S. at 700–01, 126 S.Ct. 2121 (2006).

A. **Federal Issues are Necessarily Raised and Actually Disputed**.

A federal issue is necessarily raised when it is an essential element of a plaintiff's claim. *Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012). Here, significant disproportionality is a federal issue, and the parties are in dispute as to which federal regulations are in effect. Therefore, the Court concludes that federal issues are necessarily raised and disputed.

B. **Federal Issue is not Substantial.**

In determining whether a federal issue is substantial, the Court inquires "(1) whether the case includes a federal agency, and particularly, whether the agency's compliance with the federal statute is in dispute; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case (i.e., the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (i.e. the issue is not anomalous or isolated)." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007), *citing Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01, 126 S. Ct. 2121, 2137, 165 L. Ed. 2d 131 (2006).

This matter does not involve a federal agency or a federal agency's compliance with a federal statute. This matter involves a factual dispute, and whether a state agency exercised its discretion in an arbitrary and capricious manner pursuant to NMSA § 39-3-1.1.

Most importantly, this case is fact-bound and situation specific, and does not appear to contain any pure issue of law. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 947–48 (10th Cir. 2014) ("if a claim does not present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous ... cases," but rather is "fact-bound and situation-specific," then federal question jurisdiction will generally be inappropriate."), *quoting Empire Healthchoice Assurance, Inc.,* 547 U.S. at 700–01, 126 S.Ct. 2121 (internal quotation marks omitted). This case primarily involves a factual question, and the methodology for calculating "substantial disproportionality" is left to the states. Therefore, it appears that this matter will be judged under state law whether it was arbitrary and capricious, or supported by substantial evidence. The resolution of this case will not guide the resolution of other cases outside New Mexico, because each state may use its own methodology in determining significant disproportionality. Therefore, the Court concludes that any federal question is not substantial and is unlikely to resolve this case.

For these reasons, any issues are also not important to the federal system as a whole. *Gunn v. Minton*, 568 U.S. 251, 262, 133 S. Ct. 1059, 1067, 185 L. Ed. 2d 72 (2013). Whether Respondent used the right data or exercised its discretion in a manner that is not arbitrary and capricious under state law, is not important to the federal system as a whole. The *Gunn* opinion stressed that the "substantiality" element essentially means that the federal issues must affect more than the parties to the case, and will usually impact the operation of the federal system itself. *See* 133 S. Ct. at 1066–67. Here, Respondent has not shown the government's operations will be affected by the resolution of the state-law claims presented in this litigation.

    C.    **<u>Balance of Federal-State Responsibilities.</u>**

The Court also concludes that resolving this appeal of a state administrative agency decision would substantially disrupt the federal-state balance of responsibilities. *See Grable,* 545 U.S. at 314, 125 S.Ct. 2363 (court must consider "whether resolution of the issue in federal court would 'disturb[ ] any congressionally approved balance of federal and state judicial responsibilities.'"), *quoted in Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012).

Generally, "the fact that Congress has not elected to provide a statutory right of action to plaintiffs is a thumb on the scale of dismissal. But… the 'absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires.'" *Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012), *quoting Grable*, at 318, 125 S.Ct. 2363; *see also Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1233 n.5 (10th Cir. 2006) ("allowing jurisdiction when Congress had not intended a private right of action would have seriously disrupt the balance of labor between state and federal courts.").

Here, the Court concludes that the absence of a specific federal cause of action by Congress was intentional. As noted in **Section II** above, Congress created a number of causes of action under the IDEA. But Congress omitted any cause of action for a school board to challenge the decision of a state education department pursuant to 20 USC § 1418. Instead, Congress left that oversight up to the Secretary. Hearing this appeal in federal district court would undermine the IDEA's statutory scheme and render these well-designed systems of administrative and judicial review superfluous.

Moreover, Respondent requests the court adjudicate an administrative decision made by a state agency regarding the local governmental agency it supervises. Respondent argues that a federal district court may exercise federal jurisdiction over a state administrative appeal. However, those cases cited by Respondent are not on point and generally involved supplemental jurisdiction,

9

specific federal causes of action, or federal constitutional claims.[1] For example, in *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165, 118 S. Ct. 523, 530, 139 L. Ed. 2d 525 (1997), the United States Supreme Court merely held that, where federal causes of action (constitutional claims) were asserted, the federal district court had supplemental or ancillary jurisdiction over the remaining state law claims challenging the state administrative decision. However, exercising jurisdiction under the specific circumstances in this case would substantially alter federal-state responsibilities as to reviewing state administrative appeals.

**V.      Stay Vacated.**

Petitioner requests that the Court leave the temporary stay in place until the state court can address the emergency stay motion. However, the Court concludes that the stay was entered while the Court did not have jurisdiction to do so. Therefore, the Court **VACATES** the stay. *See, e.g., Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245–46 (10th Cir. 2005) (affirming holding that no subject matter jurisdiction exists, directing district court to remand matter to state court, and vacating all post-removal orders).

However, the Court notes that the parties had previously agreed to a stay until a hearing on the emergency stay motion could be held. The Court expects the parties will adhere to that agreement.

---

[1] Respondent cites to *W. PCS II Corp. v. Extraterritorial Zoning Auth. of City & Cty. of Santa Fe*, 957 F. Supp. 1230, 1233 (D.N.M. 1997), but that case involved a specific statutory cause of action that is missing here. *See* 47 USC § 332(c)(7)(B)(v) ("any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction"). Meanwhile, *Vigil v. City of Espanola*, No. CIV.08-0980 JB/RLP, 2009 WL 1300746, at *3 (D.N.M. Feb. 18, 2009) appears to have involved federal constitutional claims. This is the same for *Roybal v. City of Albuquerque*, No. CV 13-25 KG/KBM, 2013 WL 12328855, at *5 (D.N.M. Nov. 7, 2013), which brought constitutional claims under 42 USC 1983. This case does not involve any federal constitutional claims.

## CONCLUSION

As explained above, the Court lacks subject matter jurisdiction over this state administrative appeal. Therefore, this matter is **REMANDED** to the First Judicial District Court, County of Santa Fe, New Mexico, for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Remand (**Doc. 13**) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico. The Clerk of Court is directed to take the necessary actions to effectuate this remand.

**IT IS FINALLY ORDERED** that the Stay Order (**Doc. 10**) is **VACATED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE